UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-251-GWU

SHA-RON M. GARRETT,                                                              PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                DEFENDANT.

### INTRODUCTION

Sha-ron Garrett brought this action to obtain judicial review of an administrative denial decision on her applications for Disability Insurance Benefits and for Supplemental Security Income.  The case is before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity?  If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities?  If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of

1

>   impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.
>
> 4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.
>
> 5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher

v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional

impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Garrett, a 29-year-old woman with a high school education and no past relevant work history, suffered from impairments related to being status post total hip replacement secondary to degenerative joint disease with a history of bilateral hip surgeries in childhood with internal fixation on the right and a total hip replacement on the left in 2008, a major depressive disorder, an anxiety disorder, and a polysubstance abuse disorder in reported remission. (Tr. 28, 37). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 31). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be

considered to be totally disabled. (Tr. 37-38). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 38).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Linda Taber initially included such restrictions as a need for short rest breaks afer sitting, standing and/or walking for short periods with no limitation in lifting or carrying objects. (Tr. 81-82). The ALJ then modified the question to include a 30 minute time restriction on sitting, standing or walking before being required to rest. (Tr. 82). In addition, the ALJ indicated that the individual would have a "good" ability to stay on attention to perform simple and repetitive tasks and a "fair" ability to relate to other people and tolerate the stress and pressures of daily work activity. (Id.). The individual would also be limited to low stress work environments with occasional difficulty relating to others such as supervisors, co-workers and the public. (Id.). In response, the witness identified a significant number of other jobs at the light exertional level which could still be done including gatekeeper and surveillance monitor. (Tr. 83). The ALJ relied upon this information to support the administrative denial decision. (Tr. 38).

The court finds no error with the ALJ's framing of the physical factors of the hypothetical question. Dr. Scott Beach of the Bluegrass Medical Group examined

Garrett and diagnosed bilateral hip pain, depression and hypertension. (Tr. 489). Dr. Beach indicated that the plaintiff would be able to "sit, walk, and/or stand for short periods and then require breaks to rest due to hip pain." (Id.). The doctor also indicated that the claimant had no limitation in lifting and carrying objects. (Id.). The physical factors of the hypothetical question were essentially consistent with this opinion. The ALJ indicated that she relied upon Dr. Beach in formulating the residual functional capacity. (Tr. 36). More severe physical restrictions than those found by the ALJ were not indicated by such treating and examining sources as the staff at Georgetown Community Hospital (Tr. 304-455), Dr. Padma Rao (Tr. 456-485), the staff at Cardinal Hill Rehabilitation Hospital (Tr. 599-636), the staff at Central Baptist Hospital (Tr. 637-733), Dr. Paul Nicholls (Tr. 734-761), the staff at the Fayette County Health Department (Tr. 782-799), and the staff at the University of Kentucky Medical Center (Tr. 805-844). These medical sources support the administrative denial decision.

Dr. Kooros Sajadi, an examining consultant, indicated that Garrett would be limited to light level work restricted from a full range by an inability to sit for more than six hours a day with no more than four hours without interruption, stand for more than one hour a day in 30 minute intervals and walk for more than one hour a day in 30 minute intervals. (Tr. 850-851). The plaintiff would never be able to stoop and should no more than occasionally climb, balance, kneel, crouch and crawl. (Tr. 853). Environmental restrictions concerning unprotected heights,

vibration and noise were also indicated. (Tr. 854). These are more extensive physical limitations than those presented to the vocational expert (Tr. 81-82) or found by the ALJ in his residual functional capacity assessment (Tr. 31). Dr. Amanda Lange, a non-examining medical advisor, also reported the existence of more severe postural and environmental restrictions than found by the ALJ and presented to the vocational expert. (Tr. 590-598). However, these opinions were offset by that of Dr. Beach. Furthermore, the claimant has not argued that the ALJ erred by failing to include the additional restrictions identified by these sources among her findings. Garrett specifically indicated that she did not challenge the ALJ's residual functional capacity assessment finding. <u>Plaintiff's Memorandum in Support of Motion for Judgment</u>, Docket Entry No. 16, p. 2. Therefore, the court finds no error in omitting these additional physical restrictions.

      The only argument presented by Garrett is that the ALJ erred by failing to include all of the physical restrictions made in her residual functional capacity assessment in the hypothetical question presented to the vocational expert. The physical factors noted in the ALJ's residual functional capacity finding were that the plaintiff "has no limitation in her ability to lift or carry but can sit, stand and walk 30 minutes at a time each, then must take a break to rest." (Tr. 31). By contrast, the hypothetical question included an ability to sit, stand <u>or</u> walk for 30 minutes each. (Tr. 82). The claimant asserts that there is a significant distinction between "and" and "or." She asserts that the ALJ's residual functional capacity finding would

require one to be able to walk around for 30 minutes in addition to sitting for 30 minutes and standing for 30 minutes and that this requirement would invalidate the jobs of gatekeeper and surveillance monitor since they would require one to remain stationary. Thus, the vocational testimony does not support the administrative denial decision.

The court must reject Garrett's argument. The undersigned notes that the ALJ initially indicated to the vocational expert that she was directly incorporating all of the physical restrictions noted by Dr. Beach into the hypothetical question, which were specifically reported to include an ability to sit, walk and/or stand for short periods. (Tr. 81-82, 489). As previously indicated, the ALJ stated in the decision that she was basing her residual functional capacity finding on the opinion of Dr. Beach. (Tr. 36). Since Dr. Beach clearly made an "and/or" finding rather than merely an "and," the ALJ appears to have made a typographical error in omitting the "or" in the decision. This error would appear harmless and not justify a remand of the action for further consideration.

With regard to Garrett's mental status, the ALJ found that she had a good ability to understand, retain and carry out instructions, a good ability for simple, repetitive tasks, an occasional difficulty during an eight-hour day tolerating the ordinary stress and pressures of day-to-day work activity, a limitation to low stress environments and occasional difficulty during an eight-hour day interacting with supervisors, co-workers and the general public. (Tr. 31). The mental factors found

11-251  Sha-ron M. Garrett

by the ALJ were consistent with those presented to the vocational expert.  (Tr. 82). These restrictions were based upon the opinion of psychologist Stuart Cooke, an examining consultant.  (Tr. 505).  The claimant raises no issue with the ALJ's treatment of this issue.

The undersigned concludes that the administrative decision should be affirmed.  A separate judgment and order will be issued simultaneously consistent with this opinion.

This the 19th day of April, 2012.

Signed By:
G. Wix Unthank
United States Senior Judge